# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: JOSEPH S. BEALE, ) <br> ) <br> Debtor, ) <br> ──────────────────────── ) <br> ) <br> ANDREW J. MAXWELL, Trustee, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> T. GREGORY KEMP, et al. ) <br> ) <br> Defendants. ) | Case Nos.   09 C 3485 <br> 09 C 3713 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION & ORDER

Before the court is a motion by Defendants T. Gregory Kemp, Jon T. Miho, Airport Trade Center, LLC ("ATC"), Paiea Properties, Nimitz-Paiea, Inc., PLP Holdings, Inc., JPPM Investments, LLC, TKG Investments, LLC, and Paiea Holdings, Inc. requesting leave to proceed on an interlocutory appeal regarding an order by the Bankruptcy Court striking Defendants' jury demand. Defendants also request that the reference to the Bankruptcy Court be withdrawn, and that this court try the matter itself. Defendants' motions are denied.

### I. BACKGROUND

This matter arises out of an adversary proceeding in the Bankruptcy Court brought by Andrew Maxwell as Chapter 7 Trustee for Joseph S. Beale against Defendants. Maxwell is prosecuting several claims against Defendants, including claims for injunctive relief, a claim to dissolve and appoint a receiver for ATC, and claims involving conspiracy to defraud, aiding and abetting, fraudulent transfer (actual and constructive), breach of fiduciary duty, breach of contract, and declaratory relief related to the contract.

The Bankruptcy Court recently dismissed all of the Defendants' claims for a trial by jury, finding that the right to a jury trial had been waived. The Bankruptcy Court set a trial date of September 14, 2009. Defendants seek leave to appeal the order striking their jury demand, and also request that this court withdraw the reference.

**II. ANALYSIS**

The Bankruptcy Court's order striking the jury demands is an interlocutory order. Review of an interlocutory bankruptcy order is permitted pursuant to the standards articulated in 28 U.S.C. § 1292(b). *Fruehauf Corp. v. Jartran, Inc. (In re Jartran, Inc.)*, 886 F.2d 859, 865 (7th Cir. 1989) ("discretionary appeals under section 1292(b) are appropriate in bankruptcy cases."). To satisfy section 1292(b), the appeal must involve a "controlling question of law as to which reasonable minds might diverge," and permitting the appeal must "facilitate final resolution of the litigation." *JMS Dev. Co. v. Bulk Petro. Corp.*, 337 F.3d 822, 826 (7th Cir. 2003).

Defendants are also requesting that the reference be withdrawn, and for this court to then reconsider the order dismissing the jury claims as being improper, improvident, or not in the interest of justice. *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). This adds a procedural wrinkle as the standard to withdraw a reference is substantially lower than is that for an interlocutory appeal; a district court may "withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). What constitutes cause is not defined within the statute, but various factors have been considered by courts, including whether the proceeding is core or non-core, considerations of judicial economy and convenience, promoting the uniformity and efficiency of bankruptcy administration, forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial. *See Grochocinski v. LaSalle Bank Nat'l Assoc. (In re: K*

*& R Express Sys.)*, 382 B.R. 443, 446 (N.D. Ill. 2007) (citation omitted). District courts have broad discretion under this standard, though "permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" *Id.* (quoting *Elscint, Inc. v. First Wis. Fin. Corp. (In re: Xonics)*, 813 F.2d 127, 131 (7th Cir. 1987)).

Before turning to Defendants' argument, a brief detour into bankruptcy practice and procedure is warranted. Original jurisdiction over bankruptcy proceedings lies in the federal district courts. 28 U.S.C. § 1334. However, proceedings are automatically referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a). *See K & R Express Sys.*, 382 B.R. at 446 (citations omitted). The Bankruptcy Court has statutory authority to enter judgment in "core" equitable proceedings, which are to be reviewed by federal district courts sitting as appellate bodies. *See* 28 U.S.C. §§ 157(b)(1), 158. "A proceeding is core if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *K & R Express Sys.*, 382 B.R. at 446 (citations omitted). By contrast, in non-core proceedings a Bankruptcy Court may make recommendations to the district court which are reviewed *de novo*. § 157(c)(1); *K & R Express Sys.*, 382 B.R. at 447. Regardless of whether the proceeding is core or non-core, any jury trial must be conducted by an Article III court unless the parties consent to the Bankruptcy Court. § 157(e) (permitting bankruptcy judge to conduct jury trial only if specially designated by the district court and with the express consent of all parties). To determine if a right to a jury trial exists for a particular claim, two questions must be considered: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61 (1989) (citations omitted). The second

3

question—whether the claim is legal or equitable—is "more important than the first." *Id.* However, a jury right may be waived by a party submitting to the Bankruptcy Court's equitable jurisdiction. *See, e.g.*, *Katchen v. Landy*, 382 U.S. 323 (1966); *Langenkamp v. Culp*, 498 U.S. 42 (1990).

Courts in this circuit "generally have not found the striking of a jury demand, as such, to warrant an interlocutory appeal." *Gecker v. Gierczyk (In re: Glenn)*, No. 06 C 3565, 2006 WL 2252529 (N.D. Ill. Aug. 3, 2006) (collecting cases). Defendants contend that this case is exceptional and early review is warranted because a denial of a jury trial on the legal claims may not be able to be remedied on appeal. If the September trial goes forward, the Bankruptcy Court will enter judgments on both equitable and legal claims. Defendants postulate that if this court reverses the denial of a jury trial on legal claims but affirms the equitable determinations, and then holds a subsequent jury trial on the legal claims, factual determinations already made by the Bankruptcy Court will be binding, and to the extent they overlap, the jury would then be precluded from making some factual determinations. *See Bankr. Servs., Inc. v. Ernst & Young, LLP (In re CBI Holding Co.)*, 529 F.3d 432, 468–69 (2d. Cir. 2008) (finding no Seventh Amendment violation in permitting equitable claims to be determined first by Bankruptcy Court before legal claims were resolved by jury, based on *Katchen*, 382 U.S. 323). Underlying Defendants' argument is a basic principle that legal claims should generally be resolved by a jury first, before a court determines equitable claims that relate to the same facts. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990) ("only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.") (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959)).

Defendants rely on two Seventh Circuit decisions to support their argument that immediate intervention is necessary. The most recent case is *Caldwell-Baker Co. v. Parsons*, 392 F.3d 886 (7th Cir. 2004), where the Seventh Circuit noted that a denial of a jury trial is usually best addressed after a final judgment, but observed that "[i]f denial of a jury trial threatens injury that is irreparable in the sense that appellate review would not avail—perhaps because the judge's decision would be preclusive in some other piece of litigation—then [relief] could be available." *Id.* at 888 (citations omitted). No interlocutory relief was granted in *Caldwell-Baker* because relief would be available on appeal, if necessary, since a retrial could be ordered. *Id.* at 889. *Caldwell-Baker* stressed that although a second trial may inconvenience the parties, denial of interlocutory relief was consistent with the needs of judicial economy and finality. "Many kinds of error may require retrials; the prospect that two trials will be necessary does not make the final-decision rule vanish." *Id.*

The *Caldwell-Baker* decision relied on the second case cited by Defendants: *First Nat'l Bank of Waukesha v. Warren ("Bank of Waukesha")*, 796 F.2d 999 (7th Cir. 1986). The *Bank of Waukesha* court stated the same proposition, that "mandamus[1] will lie when the 'party seeking issuance [has] no other adequate means to attain the relief he desires.'" *Id.* at 1006 (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)). To prevail, the moving party must show that the right to the jury trial is "clear and indisputable." *Id.* No relief was granted in *Bank of Waukesha* because the right at issue could be vindicated on appeal by ordering a second (jury) trial. *Id.* The

---

[1] Defendants are not seeking a writ of mandamus here, reflecting the inapposite posture of both the *Caldwell-Baker* and *Bank of Waukesha* decisions. *Caldwell-Baker* and *Bank of Waukesha* involved a question of whether the Seventh Circuit would review an interlocutory order and compel a *district court* to conduct a jury trial; the mechanism to do so would be is a writ of mandamus. Here, a writ of mandamus is improper because the Bankruptcy Court is not authorized to conduct a jury trial, and of course this court, even as an appellate body, could not therefore order it to do so. The remedy sought here is instead for this court to withdraw the reference and conduct the jury trial itself.

5

*Bank of Waukesha* panel also observed that in the twenty years prior to its decision (in 1986), the Supreme Court found it necessary to issue a writ of mandamus only once; that case, *Thermtron Prods. Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), involved a refusal by a district court to hear a matter that had been properly removed from state court as a diverse action. An interlocutory remedy was necessary since no appeal would otherwise be available; if the state court proceeded with the action, the matter would never find its way back to the federal docket. *See id.* at 353–54.

To summarize, both *Bank of Waukesha* and *Caldwell-Baker* suggest in *dicta* that if irreparable harm will occur, interlocutory intervention may be necessary to prevent a Seventh Amendment violation. However, neither case provides support for the one point Defendants must establish: irreparable harm. Defendants can suffer irreparable harm only if (1) they are actually entitled to a jury trial; and (2) factual findings made by the Bankruptcy Court will be preclusive.

The posture of this case must be repeated: Defendants are requesting leave to take an interlocutory appeal, or alternatively for the reference to be withdrawn. Thus the legal question of whether Defendants are still entitled to a jury trial under the Seventh Amendment is not before this court. This is important, for the Bankruptcy Court concluded that the right had been waived, and thus the existence of a right to a jury trial is disputed. *See Bank of Waukesha*, 796 F.2d at 1006 (requiring right to be "clear and undisputable"); *cf. K & R Express Sys.*, 382 B.R. at 447–48 (withdrawing reference because right to jury trial was clear).

The harm envisioned by Defendants remains speculative. Although this court declines to rule on whether Defendants have waived their jury right, it is clear that the holding in *Katchen* that a creditor who submits a claim in bankruptcy, or otherwise waives his jury right, has submitted to the bankruptcy court's equitable jurisdiction, and there would therefore be no Seventh Amendment violation. *See Langenkamp*, 498 U.S. at 44–45 (discussing *Katchen* and related cases). The

Supreme Court's decision in *Lytle*, which was decided ten months before *Langenkamp*, did not change this basic understanding of bankruptcy jurisprudence because *Lytle* is premised on a finding of a Seventh Amendment violation. 494 U.S. at 550. As the Second Circuit indicated in *CBI Holding*, there is no Supreme Court authority holding that the preclusion of legal claims by a Bankruptcy Court's equitable determinations constitutes a Seventh Amendment violation. 529 F.3d at 468–69. Furthermore, these complicated legal questions may become moot if Defendants prevail below. And since this court remains the court of original jurisdiction over the adversary proceeding, *see* 28 U.S.C. § 1334, there is no reason to believe that this court cannot set aside any equitable determinations made by the Bankruptcy Court if those determinations in fact do constitute a violation of Defendants' Seventh Amendment rights. In other words, as in *Caldwell-Baker* and *Bank of Waukesha*, there is no reason to believe that a remedy cannot be provided on appeal, if a remedy is warranted at all.

There are also compelling reasons to refuse to withdraw the reference. The Bankruptcy Court has been overseeing this adversary proceeding for over five years. The Bankruptcy Court has resolved summary judgment motions between these parties. It has conducted a two day trial related to an effort by Defendant ATC to lift the bankruptcy stay and to make a capital call upon all investors—ATC being the same corporation that Maxwell is attempting to dissolve for the benefit of Debtor Beale's creditors. The Bankruptcy Court had set a trial date for this matter. The Bankruptcy Court is prepared to proceed, and is familiar with the case. These factors disfavor withdrawing the reference, as does the more general preference to have the Bankruptcy Court resolve all claims related to the debtor's assets.

### III. CONCLUSION

Defendants have failed to establish that the order striking their jury demand will cause them irreparable injury if it is not reviewed immediately. Striking a jury demand is rarely reviewable in an interlocutory fashion, and permissive withdrawal of a bankruptcy reference is the exception rather than the rule. Defendants have not established that an extraordinary remedy is warranted; their motion for leave to seek an interlocutory appeal, and to withdraw the reference, are denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: August 7, 2009